**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4077**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON EMMANUEL WILKERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Raymond A. Jackson, District Judge.  (CR-04-92)

Submitted:  September 28, 2005        Decided:  November 1, 2005

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Larry M. Dash, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Norfolk, Virginia, for Appellant. Lisa Rae McKeel, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jason Emmanuel Wilkerson was convicted by a jury of possession of five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2000). Wilkerson was sentenced according to 21 U.S.C. § 841(b)(1) (2000), receiving the statutory minimum of 120 months' imprisonment. In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Wilkerson asserts that the district court erred in denying his Fed. R. Crim. P. 29 motions for judgment of acquittal after the conclusion of the Government's case-in-chief and following the announcement of the jury's verdict. Wilkerson was notified of his right to file a supplemental pro se brief, but he failed to do so. Finding no reversible error, we affirm.

We review a district court's denial of a Rule 29 motion de novo. United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). Where, as here, the motion was based on an insufficient evidence claim, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "'[S]ubstantial evidence,' in the context of a criminal action, [is] that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir.

2003) (quoting <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).  Furthermore, witness credibility is within the sole province of the jury, and this court will not reassess the credibility of testimony.  <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).  Therefore, a defendant challenging the sufficiency of the evidence "bears a heavy burden." <u>United States v. Beidler</u>, 110 F.3d 1064, 1067 (4th Cir. 1997).

Here, the evidence at trial showed that Wilkerson possessed 9.3 grams of crack cocaine, along with scales, and he was wearing latex gloves at the time of his arrest.  An expert witness testified that these circumstances, taken together, suggested an intent to distribute the drugs.  On this record, we conclude that there was evidence to support Wilkerson's conviction.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the judgment of the district court.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal

- 3 -

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED